UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  GREGORY BRIAN MYERS

_____

GREGORY BRIAN MYERS,

      Appellant,

v.                       Case No:  2:23-cv-682-JES
                       Bankr. No: 2:21-bk-123-FMD

UNDINE C GEORGE,

      Appellee.

_____

## OPINION AND ORDER

This matter comes before the Court on appeal from the Bankruptcy Court's Order (1) Approving Undine C. George, Esquire's Application for Final Compensation & Administrative Claim, and (2) Denying Debtor's Motion for Disgorgement of Fees (Doc. #4-2) and Order Denying Debtor's Rule 59(e) Motion to Reconsider Order (1) Approving Undine C. George, Esquire's Application for Final Compensation & Administrative Claim, and (2) Denying Debtor's Motion for Disgorgement of Fees (Doc. #4-3).  Appellant filed an Initial Brief (Doc. #9) on November 16, 2023.  Finding no response, on January 19, 2024, appellee was directed to file a responsive brief.  (Doc. #12.)  No response was filed and the deadline to respond has expired.  On February 12, 2024, the Trustee filed a

Suggestion of Mootness (Doc. #13) to the extent the appeal requests a return of the Trustee fees.

### A. Background

On January 28, 2021, Gregory Myers (appellant or debtor) filed a Chapter 13 case.  Two years later, the case was dismissed with prejudice and appellant's former attorney, Undine C. George (appellee or attorney George) filed an Application for Final Compensation & Administrative Claim seeking payment of her attorney fees and costs as an administrative claim.  (Doc. #4-2, pp. 1-2.)  Debtor and the Trustee[1] objected, and debtor filed a motion for disgorgement of the fees paid to attorney George.

Prior to filing the Chapter 13 petition in this case, debtor had filed three other bankruptcy cases, two in Maryland and one in Delaware.  On January 28, 2021, debtor consulted with attorney George about filing the fourth bankruptcy petition and she agreed to represent him to do so.  On October 12, 2022, due to irreconcilable differences, attorney George sought to withdraw, and the motion was granted.  On January 19, 2023, the Bankruptcy Court held a Seventh Continued Confirmation Hearing on a Third Amended Plan.  The Bankruptcy Court denied confirmation of the Plan, dismissed the case with prejudice, and barred filing another

---

[1] The Trustee's Objection asked that the matter be set for a hearing because the Trustee's office was holding $14,085.00 in funds.  (Doc. #6-17.)

- 2 -

bankruptcy case for two years.  (Doc. #6-13.)  The Bankruptcy Court also issued a Supplemental Order Denying Confirmation and Dismissing Case with Prejudice and Notice to State Court judges and Clerks (Doc. #6-15) detailing how the Trustee shall refund any undisbursed funds and retaining jurisdiction for that purpose. The direct appeal was dismissed for failure to prosecute.  In re Myers, 2:23-cv-143-JES, Doc. #12 (M.D. Fla. Sept. 12, 2023).  The appeal from that Order remains pending before the Eleventh Circuit. See Myers v. Waage, Case No. 23-13081.

After dismissal of the Chapter 13 plan, debtor's former attorney Undine C. George (Attorney George) file an application for final compensation seeking payment of fees and costs.  (Doc. #6-17.)  Debtor objected that attorney George was not entitled to fees because she was negligent in her representation and not disinterested, she violated Administrative Order FLMB-2020-7 by demanding $30,000 as a condition for future services, and she violated the automatic stay by stating that her firm would seek a charging lien if debtor did not pay.  (Doc. #4-2 at 5.)  Debtor also argued that attorney George may not receive payment of her fees from the undisbursed funds held by the Trustee because they are to be refunded to him.  Attorney George sought attorney fees in the amount of $51,872.92 and expenses totaling $671.68 for the period of representation.  Attorney George stated that she spent 159.61 hours for services at a rate of $325 per hour.  The

Bankruptcy Court overruled the objections, allowed the fees and costs as requested, and denied disgorgement.  (Id.)

**B. Orders Appealed**

The Bankruptcy Court found that attorney George's fees are allowable under Section 330.  The Bankruptcy Court detailed examples of actions taken by counsel on debtor's behalf and at debtor's direction and found no negligence.  "While Debtor's positions often were only marginally supported in the law, the Court finds that George competently presented Debtor's arguments and asserted Debtor's interests.  The Court gives little weight to Debtor's claim that George did not work diligently to achieve confirmation of his Chapter 13 plan or file all appropriate motions to obtain a positive result in the case. Rather, it is the Court's perception that George undertook a difficult case—Debtor's fourth bankruptcy case—and attempted to follow Debtor's direction in the bankruptcy context."  (Doc. #4-2 at 6.)

The Bankruptcy Court found that attorney George did not have an interest adverse to debtor's interest, or a disinterest, by also representing his wife Barbara Ann Kelly.  Ms. Kelly paid most of attorney George's retainer and this was disclosed.  The Bankruptcy Court found that debtor failed to show any conflict in interests adverse to Ms. Kelly's.

The Bankruptcy Court also found that attorney George did not violate Administrative Order FLMB-2020-7 by sending debtor an

email on October 5, 2022, demanding payment of $30,000 in exchange for not withdrawing from the case.  The email stated that she was unable to effectively respond to "his last-minute instructions" to seek reconsideration when 14 days had already passed.  "If you can provide a $30,000 deposit into the firm's escrow account, I will not withdraw. This is a generous suggestion because that was the balance many months ago. The funds will merely be held in escrow until a court order approving them, but we must have something in hand to keep working."  (Doc. #4-2 at 11-12.)  The U.S. Trustee investigated debtor's claim and did not pursue the matter.  The Bankruptcy Court found no violation for two reasons: (1) it was expressly stated that the funds would be placed in escrow until approved by the Court; and (2) attorney George had provided services for over 18 months including appearing at 12 hearings, so the amount represented fees for services already performed.  The Bankruptcy Court concluded that the Court has the discretion to reduce fees if an attorney does not comply with the Administrative Order and attorney George did not violate the Administrative Order.  Alternatively, the Bankruptcy Court noted that it would exercise discretion to allow the fees.

The Bankruptcy Court found no violation of the automatic stay by attorney George stating that that her firm would seek a charging lien if debtor did not pay the invoices.  Attorney George wrote debtor a letter seeking to amend the engagement contract regarding

the scope of work, the parties' relative rights and responsibilities, and payment of fees and expenses in a section providing that the law firm would "seek an attorney's fee charging lien on all real and personal property at issue in the proceedings." Debtor did not sign the amendment. The Bankruptcy Court concluded that "the provision is only a statement of the firm's rights under the contract in the event of Debtor's future default. Debtor did not show that George ever took any act to assert a charging lien under Florida law by filing a notice of lien or pursuing a lien in the bankruptcy case." (Doc. #4-2 at 15.)

The Bankruptcy Court also found that the undisbursed funds held by the Chapter 13 Trustee may be paid to attorney George under Section 1326(a)(2) because the Middle District of Florida has "ordered otherwise" by Administrative Order that if a Chapter 13 case is dismissed the Trustee shall subtract the amounts allowed for attorney fees before refunding the debtor. Debtor objected that the funds must be refunded under Section 349(b)(3), but the Bankruptcy Court found that the operative statute is Section 1326 and overruled the objection.

On reconsideration, the Bankruptcy Court addressed the inapplicability of a recent decision by the United States Supreme Court and debtor's jurisdictional arguments that there was no reservation after the dismissal. In the Supplemental Order

Denying Confirmation and Dismissing Case with Prejudice, the Bankruptcy Court specifically granted "14 days from dismissal to file application for administrative expenses" and "reserved jurisdiction to determine timely filed applications for administrative expenses." The Bankruptcy Court specifically found that attorney George timely filed her fee application.

**C. Merits of Appeal**

On appeal, appellant argues that the Bankruptcy Court did not reserve jurisdiction to consider post-dismissal administrative expense claims and therefore it lacked jurisdiction to enter the Order. Appellant argues that the Administrative Order improperly modifies existing substantive rights under the Federal Rules of Bankruptcy. Lastly, appellant refers to and incorporates the attached Amici Curiae filed by the National Consumer Bankruptcy Rights Center in an appeal pending before the Second Circuit Court of Appeals regarding payments to be returned under Section 1326(a)(2).

**1. Jurisdiction**

Appellant argues that the dismissal order did not contain a reservation of jurisdiction. This argument is clearly without merit. The Supplemental Order Denying Confirmation and Dismissing Case With Prejudice (Doc. #6-15) states:

> 5. Refund of Plan Payments if Case is Dismissed or Converted. If this case was dismissed or converted to a case under Chapter

7 or Chapter 11, the Trustee shall refund to Debtor(s) any undisbursed funds in the Trustee's possession as follows:

a. **If this case was dismissed** or converted prior to confirmation of the Plan:

i. The Trustee shall subtract the amounts set forth in any filed applications for unpaid administrative expense claims, including Debtor(s) attorney(s) filed application for fees, from the refund.

ii. Applications for administrative expense claims, including applications for Debtor(s) attorney(s) fees, shall be filed no later than 14 days after initial entry of the order dismissing or converting the case.

iii. After the aforementioned 14 day period for filing administrative expense claims has expired, the Trustee shall issue the refund payable to Debtor(s). If Debtor(s) is represented by an attorney, the Trustee shall send the refund to the Debtor(s) in care of Debtor(s) attorney.

iv. **The Court reserves jurisdiction to determine timely filed applications for administrative expenses.**

b. If this case was dismissed or converted after the Plan had been confirmed, and Notwithstanding any other Court orders, the Trustee shall issue the refund, made payable to the Debtor(s), as soon as practicable. If Debtor(s) is represented by an attorney, the Trustee shall send the refund to the Debtor(s) in care of Debtor(s) attorney.

c. The Trustee shall thereafter file his final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

6. Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court

> to examine the fees paid to Debtor's attorney
> and for the disgorgement of any portion of the
> fees deemed excessive. **The Court shall retain
> jurisdiction for this purpose**.

(Doc. #6-15 at 2-3) (emphasis added).   The case was dismissed

before confirmation.   The Bankruptcy Court specifically retained

jurisdiction to consider any timely applications for

administrative expenses and specifically retained jurisdiction to

consider a motion for disgorgement of any amount of the fees deemed

excessive.   In any event, even without specifically retaining

jurisdiction, the Bankruptcy Court retains jurisdiction over

ancillary matters such as an award of attorney fees.   In re Kent

Funding Corp., 290 B.R. 471, 478 (Bankr. E.D.N.Y. 2003).

### 2. Section 1326(a)(2)

Appellant argues that Section 1326(a)(2) required the U.S.

Trustee to return all payments paid not yet due and owing to

creditors if a plan is not confirmed and when the case was

dismissed "there were no allowed administrative claims entitled to

payment under § 503(b)."   Appellant argues that Section 3126(a)(2)

no longer applies after the dismissal.

The Bankruptcy Court found that the Chapter 13 Plan was not

proposed in good faith and failed to satisfy the requirements of

Section 1325 for confirmation because debtor's "actions evidence

that his motivation in this case is to delay and frustrate the

many parties with whom he is engaged in contentious litigation,

some of whom over the course of the last decade." (Doc. #6-13 at 12-13.) "In many unsuccessful cases, dismissal of the case is the direct result of the court's denial of confirmation. The distinction between the two does not make a difference to the outcome in these cases. Under section 1325(a)(6), the plan cannot be confirmed unless the debtor filed the petition in good faith." In re Garris, 496 B.R. 343, 352-53 (Bankr. S.D.N.Y. 2013) (citations omitted).

A debtor commences payments "not later than 30 days after the date of the filing of the plan" in an amount proposed by the plan. 11 U.S.C. § 1326(a)(1)(A).   The payments are retained by the Trustee until confirmation or denial of confirmation.  "If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, **after deducting any unpaid claim allowed under section 503(b).**"  11 U.S.C. § 1326(a)(2) (emphasis added).   Under 503(b), administrative expenses shall be allowed, including compensation and reimbursement awarded under Section 330(a).   11 U.S.C. § 503(b)(2).   Under Section 330(a), a professional person employed, such as an attorney, the Court may award "reasonable compensation for actual, necessary services" and "actual, necessary expenses." 11 U.S.C. § 330(a)(1).

As previously stated, the Bankruptcy Court retained jurisdiction to consider administrative expenses, which are

allowed under Section 1326(a)(2).  The attorney fees were incurred before dismissal, while the Chapter 13 case was pending, and the argument that the case had been dismissed rendering Section 1326(a)(2) inapplicable is without merit.  (Doc. #9 at 7.)  Under Section 349, "[u]nless the court, for cause, orders otherwise, the dismissal of a case" (1) reinstates "any proceeding or custodianship superseded," "any transfer avoided" and "any lien voided; (2) vacates any order, judgment, or transfer ordered; and as relevant here, (3) "revests the property of the estate in the entity" it was vested with before commencement of the case.  11 U.S.C. § 349(b).  "Section 1326(a)(2) supplements section 349(b)(3) in dismissed cases to deal with this different type of property", i.e., pre-paid plan payments.  In re Garris, 496 B.R. 343, 353 (Bankr. S.D.N.Y. 2013) (citing In re Lewis, 346 B.R. 89 (Bankr. E.D. Pa. 2006)).  See also In re Lewis, 346 B.R. 89, 107 (Bankr. E.D. Pa. 2006) ("Section 1326(a)(2) refers to the disposition of chapter 13 plan payments; § 349(b)(3) refers generally to all property of the estate."); In re Nelums, 617 B.R. 70, 74 (Bankr. D.S.C. 2020) (collecting cases).  Therefore, the Court finds no error in the application of Section 1326(a)(2).

### 3. Administrative Order

Appellant argues that the Bankruptcy Court's assertion that it was 'ordered otherwise' in the Administrative Order is meritless.  Appellant argues that contradicting the Federal Rules

of Bankruptcy Procedure violates the Rules Enabling Act, 28 U.S.C. § 2072.

Under the Rules Enabling Act, the U.S. Supreme Court has the power to "prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C. § 2072(a). The rules "shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). "What matters is what the rule itself regulates: If it governs only "the manner and the means" by which the litigants' rights are "enforced," it is valid; if it alters "the rules of decision by which [the] court will adjudicate [those] rights," it is not." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010) (citation omitted). District Courts have the discretion to adopt local rules "necessary to carry out the conduct of its business" and the U.S. Supreme Court "may exercise its inherent supervisory power to ensure that these local rules are consistent with 'the principles of right and justice.'" Frazier v. Heebe, 482 U.S. 641, 645 (1987) (internal citations omitted). See also 28 U.S.C. § 2071; Fed. R. Civ. P. 83.

In re Administrative Order Prescribing Procedures for Chapter 13 Cases Filed on or after August 1, 2020, FLMB-2020-7, sets forth

the procedures if a case is dismissed for undisbursed funds to be refunded to debtor.  The Administrative Order provides the manner and means for Section 1326 disbursements and provides the deadlines not otherwise addressed by statute, binding case law, or a rule. See, e.g., Oaster v. CAE Civ. Aviation Training Sols. Inc., No. 8:19-CV-56-T-36AAS, 2019 WL 13143153, at *2 (M.D. Fla. July 8, 2019) ("Local Rule 3.05 is designed to facilitate the progress of cases through the Court and inform parties as to anticipated timelines for their cases.  Local Rule 3.05 does not have any substantive impact on litigants' rights. Therefore, it does not violate the Rules Enabling Act.").

At the bankruptcy hearing, this issue was discussed:

> There's no binding authority regarding the payments that the Trustee is holding in a Chapter 13 case upon dismissal if the dismissal is prior to conversion. One Circuit has held that the trustee isn't -- doesn't have any authority to disburse any funds because a plan hasn't been confirmed.
>
> That issue is, I think, now before the Seventh Circuit but that issue has not been decided in the Eleventh Circuit, and it has been the practice of this Court to follow the procedures that are set forth in the administrative order that I just referred to, which specifically provides what happens in the event if a case is dismissed or converted to a Chapter 7 prior to confirmation, and specifically provides that applications for administrative expense claims, including applications for debtor's attorney's fees, shall be filed no later than 14 days after entry of the order dismissing or converting the case.

- 13 -

> So that is the procedure and the standard that
> has been followed in the Middle District for
> years now and I intend to follow that
> procedure.

(Doc. #7-1 at 12-13.)   The Court concludes that the Bankruptcy

Court did not err.

**4. Trustee Fees**

Appellant argues that the Chapter 13 Trustee does not get

paid its percentage fee if a plan is not confirmed.  This issue

is outside the parameters of the appeal and therefore will not be

addressed.[2]

There are only five circumstances when an issue may be raised

for the first time on appeal: (1) if it involves a pure question

of law and "refusal to consider it would result in a miscarriage

---

[2] While the issue came up during the bankruptcy hearing, it
was set aside as not an issue under consideration:

> MR. CECIL: … But, Your Honor, we did take $1565
> in Trustee's fees from the Plan payments that
> the Debtor made. I can go through an analysis
> of 28 U.S.C. 586 about the Trustee's fees
> being earned on receipt, I can talk about the
> case law, but frankly at this point we're
> willing just to refund the Trustee's fees of
> $1565 to the Debtor. And that's the only thing
> that I have to say.
>
> THE COURT: All right. Well, that issue really
> isn't before the Court. The practice in the
> Middle District of Florida is that the Trustee
> is allowed to deduct 10 percent of payments
> received from the debtor and apply that to the
> Trustee's fees in the case. So I'm not even
> considering that issue at this time.

(Doc. #7-1 at 27-28.)

of justice;" (2) when the appellant raises an objection "which he had no opportunity to raise" in the lower court; (3) "where the interest of substantial justice is at stake;" (4) "where the proper resolution is beyond any doubt;" and (5) "if that issue presents significant questions of general impact or of great public concern." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1332 (11th Cir. 2004) (citations omitted).  None apply to this case.

Neither the Order (1) Approving Undine C. George, Esquire's Application for Final Compensation & Administrative Claim, and (2) Denying Debtor's Motion for Disgorgement of Fees (Doc. #4-2), nor the Order Denying Debtor's Rule 59(e) Motion to Reconsider Order (1) Approving Undine C. George, Esquire's Application for Final Compensation & Administrative Claim, and (2) Denying Debtor's Motion for Disgorgement of Fees (Doc. #4-3) address any payment to the U.S. Trustee.  In re Administrative Order Prescribing Procedures for Chapter 13 Cases Filed on or after August 1, 2020, FLMB-2020-7, sets forth that the Trustee shall refund to debtor any undisbursed funds in the Trustee's possession if the case is dismissed prior to confirmation.  On February 12, 2024, the Trustee filed a Suggestion of Mootness (Doc. #13) indicating that no fees were retained, and all funds were disbursed to Undine C. George.

While the issue is currently under debate and on appeal in other circuits, the Court declines to jump into the fray in this appeal. Compare In re Nardello, 514 B.R. 105, 114 (D.N.J. 2014) ("Even courts holding that the standing trustee is not entitled to a percentage fee in cases dismissed before confirmation have acknowledged that such an outcome requires a tortured reading of Section 586(e)(2).") and In re Harmon, No. 1:19-BK-01424-TLM, 2021 WL 3087744, at *11 (B.A.P. 9th Cir. July 20, 2021) ("The plain language meaning of § 586(e)(2) is the standing trustee obtains ownership of her percentage fee, and a debtor pays it, when each payment under the plan is received by the trustee.") and Soussis v. Macco, No. 20-CV-05673 (JMA), 2022 WL 203751, at *1 (E.D.N.Y. Jan. 24, 2022) (agreeing with Bankruptcy Court that a Trustee can collect his percentage fee regardless of confirmation), appeal filed, Case No. 22-155, 2022 WL 203751 (2nd Cir. Jan. 26, 2022), with In re Doll, 57 F.4th 1129, 1146-47 (10th Cir. 2023) ("Read together, 28 U.S.C. § 586(e)(2) and 11 U.S.C. § 1326(a) unambiguously provide that a Chapter 13 standing trustee must return pre-confirmation payments to the debtor without deducting the trustee's fee, when a proposed Chapter 13 plan is not confirmed."), cert. denied sub nom., Goodman v. Doll, 144 S. Ct. 1001 (2024) and Matter of Evans, 69 F.4th 1101, 1104 (9th Cir. 2023) (reversing district court because standing trustees are only paid once a plan is confirmed), cert. denied sub nom., McCallister

<u>v. Evans</u>, 144 S. Ct. 1004 (2024) <u>and</u> <u>Marshall v. Johnson</u>, 100 F.4th
914, 918 (7th Cir. 2024) (joining Ninth and Tenth Circuits).

Accordingly, it is hereby

**ORDERED:**

1. The Bankruptcy Court's Order Approving Undine C. George,
   Esquire's Application for Final Compensation &
   Administrative Claim, and (2) Denying Debtor's Motion for
   Disgorgement of Fees (Doc. #4-2) is **affirmed.**

2. The Bankruptcy Court's Order Denying Debtor's Rule 59(e)
   Motion to Reconsider Order (1) Approving Undine C. George,
   Esquire's Application for Final Compensation &
   Administrative Claim, and (2) Denying Debtor's Motion for
   Disgorgement of Fees (Doc. #4-3) is **affirmed.**

3. The Clerk shall transmit a copy of this Opinion and Order
   to the Bankruptcy Court and close the appellate file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of
September 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record